IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES MARTIN HOUSTON

       Plaintiff,       Civil No.  02-6288-TC

       v.       FINDINGS AND RECOMMENDATION

UNIVERSITY OF OREGON, et al.,

       Defendants.

COFFIN, Magistrate Judge.

Plaintiff filed this action "for violating his 1st, 9th, and 14th Amendment rights under U.S.C. 1983, for conspiracies to violate, or failure to prevent the violation of his 1st, 9th, and 14th Amendment rights under U.S.C. 1983, for violating the protections and rights granted him under the Americans With Disabilities Act of 1990; for breach of contract; for intentional or negligent infliction of emotional distress, for personal injury; for defamation of character, and for breach

1 - FINDINGS AND RECOMMENDATION

of fiduciary duty...." Second Amended Complaint (#30) p. 1-2.

It is not necessary to set forth the specific alleged facts giving rise to plaintiff's claims in detail. In short, plaintiff's claims arise from his participation in the Middle-Secondary Special Education ("SPED") Program in the College of Education at the University of Oregon. Plaintiff alleges that defendants retaliated against him for "whistle-blowing" about alleged fiscal mismanagement in the program, and discriminated against him based upon "gender and/or sexual orientation" and religion. Plaintiff further alleges that he was denied due process when he was eventually "kicked out" of the SPED program and "Graduate College at the U of O. Id., p. 17.

Defendants University of Oregon, Cynthia Herr, Michael Benz, Lisa Hellemn, Martin Kaufman, Deanna Unruh and Loraine Davis have filed a FRCP 12 Motion to Dismiss Plaintiff's Second Amended Complaint in Part (#30). Defendants move the court to dismiss plaintiff's claims as follows.

1.) Defendants move to dismiss plaintiff's Claim Two (under 42 U.S.C. § 1983) as against defendants Herr, Benz, Hellemn, Kaufman, Unruh and Davis for failure to allege facts sufficient to state a claim.[1]

---

[1] Plaintiff concedes that defendant University of Oregon is immune from liability under the Eleventh Amendment, See Second Amended Complaint (#30) p. 23, and apparently does not seek to hold

2 - FINDINGS AND RECOMMENDATION

Plaintiff's Claim Two alleges that defendants violated his rights under the 9th and 14th Amendments.

To state a claim for alleged constitutional violations cognizable under 42 U.S.C. § 1983, plaintiff must allege facts that establish the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under the color of state law. Hernandez v. Johnson, 833 F.2d 1316, 1318 (9th Cir. 1987), *citing* Haygood v Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc), *cert denied*, 478 U.S. 1020 (1986); Collins v. Womencare, 878 F.2d 1145, 1147 (9th Cir. 1989); *cert. denied* 493 U.S. 1056 (1990).

The Ninth Amendment which provides "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people," has never been recognized as independently securing a constitutional right in a civil rights claim. Standberg v. City of Helena, 791 F.2d 744 (9th Cir. 1986); *see also* Schowengerdt v. U.S., 944 F.2d 483, 490 (9th Cir. 1991); Koenig v. Snead, 1992 WL 280975 (9th Cir. 1992). Therefore, plaintiff's claim based on the penumbras of the 9th Amendment fail to state a claim cognizable under 42 U.S.C. § 1983. Id.

Plaintiff alleges that defendants' alleged conduct discriminated against him and deprived him of due process

---

defendant University of Oregon liable under Claim Two.

3 - FINDINGS AND RECOMMENDATION

under the 14th Amendment and retaliated against him for the exercise of his rights under the 1st Amendment.

Defendants contend that plaintiff has failed to state a claim under the 14th Amendment because he has not established a protected liberty or property interest in his participation in the SPED program. Defendants rely on <u>Unger v. National Residents Matching program</u>, 928 F.2d 1392 (3rd Cir. 1991) for the proposition that plaintiff does not have a property interest in the pursuit and continuance of a graduate education. However, <u>Unger</u> involved the Temple University's *discontinuation* of a graduate degree medical program prior to an accepted applicant's enrollment and is distinguishable on the facts from the case at bar. The alleged facts of this case are more analogous to the cases cited in <u>Unger</u> which involved universities that took academic or disciplinary action against currently attending students. In those cases, the Supreme Court assumed without deciding that the students currently attending school had a property interest in the continuation and completion of their education. <u>See</u>, <u>Regents of University of Mich. v. Ewing</u>, 474 U.S. 214 (1985); <u>Board of Curators v. Horowitz</u>, 435 U.S. 78 (1978).

<u>Unger</u> and the cases cited therein also suggest that plaintiff may have a protected liberty interest under the circumstances alleged in his complaint. Plaintiff alleges

4 - FINDINGS AND RECOMMENDATION

"[t] official grade transcript that is currently maintained by Defendant U of O regarding the Plaintiff's attendance inaccurately, distorts, and harmfully depicts a record of a student who failed at, and was unsuccessful in his studies. * * * Such a document is injurious to the reputation and employability of the Plaintiff." Thus, unlike the plaintiff in Unger, plaintiff's allegations in this case arguably impose a "stigma or other disability that generally foreclosed the freedom to take advantage of other educational opportunities." Unger, supra at p. 1396; see also Board of Regents v. Roth, 408 U.S. 564 (1972).

Plaintiff alleges that defendants discriminated against him on the basis of "gender and/or sexual orientation," and religion. Amended Complaint (#30), p. 25. Defendants move to dismiss plaintiff's discrimination claim on the ground that plaintiff has failed to establish specific facts in support of his claim.

Defendants' reliance on Middlebrooks v. University of Maryland at College Park, 980 F. Supp. 824 (D. Md. 1997) is misplaced. Middlebrooks involved the analysis of a discrimination claim at the summary judgment stage of the proceeding. Dismissal of a complaint for failure to state a claim is proper only where it appears to a certainty that the plaintiff can prove no set of facts in support of his claim.

5 - FINDINGS AND RECOMMENDATION

Lichfield v. Speilberg, 736 F.2d 1352, 1357 (9th Cir. 1984), *cert. denied*, 470 U.S. 1052 (1985). For the purposes of a motion to dismiss, a complaint is liberally construed in favor of the plaintiff and its allegations of fact are taken as true. Western Mining Council v. Watt, 643 F.2d 618 (9th Cir.), *cert. denied* 454 U.S. 1031 (1981). Pro se complaints are held to less strict pleading standards than complaints drafted by attorneys. Hughes v. Rowe, 449 U.S. 5 (1980); Bonner v. Lewis, 857 F.2d 559, 563 (9th Cir. 1988). I find that plaintiff's allegations state a discrimination claim for pleading purposes.

Defendants contend that plaintiff has not "cited any authority for any federal statutory right that applies to him in the context of "whistle-blowing," and that the preclusive effect of the ADA's "comprehensive enforcement scheme" bars plaintiff's retaliation claims. Defendants' Memorandum (#32) p. 22.

Plaintiff alleges that defendants retaliated against him for his "whistle-blowing" and for having filed a grievance against defendant Herr for alleged "abuses and violations of the ADA." Amended Complaint (#30) p. 25. A complaint which alleges retaliation for the exercise of a constitutional right states a claim under 42 U.S.C. § 1983. Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977).

6 - FINDINGS AND RECOMMENDATION

Defendants' memorandum discusses qualified immunity. However, there are insufficient facts before the court at this stage of the proceeding to determine whether defendants are entitled to qualified immunity from liability to plaintiff.

I find that plaintiff's Claim Two states a 14th Amendment claim for pleading purposes.

2.) Defendants move to dismiss plaintiff's Claim Three (under 42 U.S.C. § 1986) against the University of Oregon on the ground that the University Of Oregon is immune from liability to plaintiff under the Eleventh Amendment, and against the individual defendants for failure to state a claim.

It is well settled that the Eleventh Amendment bars citizens from bringing suit in federal court against states or state agencies unless the state waives, or Congress abrogates, such immunity. Pennhurst v. Halderman, 465 U.S. 89 (1984); Micromonaco v. State of Washington, 45 F.3d 316 (9th Cir. 1995). The State of Oregon has not consented to be sued in federal court or otherwise waived its immunity. Delong Corp. v. Oregon State Hiway Commission, 343 F.2d 911 (9th Cir.) cert. den., 382 U.S. 877 (1965); see also Center for Legal Studies Inc. v. Lindley, 64 F. Supp. 2d 970, 976 (D. Or. 1999). Sovereign immunity is an issue of subject matter jurisdiction. McCarthy v. U.S., 850 F.2d 558, 560 (9th Cir. 1988).

7 - FINDINGS AND RECOMMENDATION

Defendant University of Oregon is an "arm of the state" for purposes of Eleventh Amendment immunity, <u>Rounds v. Oregon State Bd. of Higher Edu.</u>, 166 F.3rd 1032, 1035-36 (9th Cir. 1999), and therefor immune from liability to plaintiff.

Moreover, a claim under 42 U.S.C. § 1986 is dependent upon the existence of a valid claim under § 1985. <u>Carmen v. San Francisco Unified School District</u>, 982 F. Supp. 1396, 1404 (N.D. Cal. 1997), *quoting* <u>McCalden v. California Library Ass'n</u>, 955 F.2d 1214, 1223 (9th Cir. 1990), *cert. den.* 504 U.S. 957 (1992). Plaintiff has not alleged a claim under § 1985 or alleged any facts sufficient to state a conspiracy claim under § 1985.

Plaintiff's Third Claim should be dismissed as to defendant University of Oregon on grounds of Eleventh Amendment immunity and lack of subject matter jurisdiction and as to the individual defendants for failure to state a claim.

3.) Defendants move to dismiss plaintiff's Claim Four (breach of contract) against defendants Herr, Benz, Hellemn, Kaufman, Unruh and Davis on the ground that plaintiff does not allege that any contract existed between himself and the individual defendants and therefore fails to state a claim.

Plaintiff alleges a contract existed between himself and the University of Oregon. <u>See</u>, Second Amended Complaint (#30)

8 - FINDINGS AND RECOMMENDATION

p. 14, 17 and 27. However, he has not alleged that a contract existed between himself and any of the individually named defendants. Therefore, in addition to the reasons discussed below, plaintiff's Claim Four should be dismissed as to the individually named defendants for failure to state a claim.

4.) Defendants move to dismiss plaintiff's Claims Four, Five, Six, Seven and Eight as to the individual defendants on the ground that the State of Oregon must be substituted as the proper party defendant under the Oregon Tort Claims Act, ORS 30.265(1)(a).

Oregon law requires the State of Oregon to be substituted for the individual defendants when state employees are sued in for acting within the scope of their employment. ORS 30.265(1)(a)  In this case, plaintiff's claims against defendants Herr, Benz, Hellemn, Kaufman, Unruh and Davis are brought against these defendants for conduct within the scope of their employment. Thus, the proper defendant is the state of Oregon. Plaintiff's Claims Four through Eight should be dismissed as to the defendants Herr, Benz, Hellemn, Kaufman, Unruh and Davis.

5.) Defendants move to dismiss plaintiff Claims Four through Eight as to defendant University of Oregon and as brought against the State of Oregon as substituted defendant on the ground that the State of Oregon and its agencies are immune

9 - FINDINGS AND RECOMMENDATION

from suit in federal court brought on state law theories of recovery.

Plaintiff's Claim Four (breach of contract), Claim Five ("intentional or negligent infliction of emotional distress"), Claim Six (defamation), Claim Seven ("personal injury"), and Claim Eight ("breach of fiduciary duty), are all brought under state common law theories of recovery.

Immunity under the Eleventh Amendment applies to state law claims brought in federal court under the doctrine of pendent or supplemental jurisdiction. See, Pennhurst v. Halderman, supra 465 U.S. at 121. For the reasons set forth above, the State of Oregon is the proper defendant where claims are brought against state employees for conduct within the scope of their employment. The Eleventh Amendment bars suits against the state as the substituted defendant. Center for Legal Studies, Inc., v. Lindley, 64 F.Supp.2d 970 (D. Or. 1990). Thus plaintiff's Claims Four through Eight are barred under the Eleventh Amendment and should be dismissed.

Defendants also move to dismiss plaintiff's claim(s) for attorney fees. See, Defendants' Memorandum (#32) p. 30. A pro se plaintiff is not entitled to attorney fees. Gonzales v. Kanga, 814 F.2d 1411 (9th Cir. 1987). Therefor, defendant's request to dismiss/strike plaintiff's prayer for attorney fees should be allowed without prejudice to plaintiff to request

10 - FINDINGS AND RECOMMENDATION

reconsideration at which time, if any, that plaintiff incurs attorney fees and becomes entitled to recover them.

Summary: I find that plaintiff's Claim Two states a 14th Amendment claim for pleading purposes but should be dismissed insofar as it seeks to state a claim under the 9th Amendment; plaintiff's Claim Three should be dismissed as to defendants Herr, Benz, Hellemn, Kaufman, Unruh and Davis for failure to state a claim and as to defendant University of Oregon on grounds of Eleventh Amendment immunity; Plaintiff's claim Four should be dismissed as to defendants Herr, Benz, Hellemn, Kaufman, Unruh and Davis for failure to state a claim because plaintiff has not alleged a contract with those defendants; Plaintiff's Claims Four through Eight should be dismissed as to defendants Herr, Benz, Hellemn, Kaufman, Unruh and Davis because the State of Oregon is the proper defendant for those claims; plaintiff's claims Four through Eight should be dismissed as to defendant University of Oregon and as brought against the State of Oregon as substituted defendant on grounds of Eleventh immunity; plaintiff's claim for attorney fees should be dismissed without prejudice.

Based on all of the foregoing, Defendants' FRCP 12 Motion to Dismiss Plaintiff's Second Amended Complaint In Part (#31) should be denied as to plaintiff's 14th Amendment claim

11 - FINDINGS AND RECOMMENDATION

alleged in Claim Two and allowed in all other respects.

DATED this __4__ day of February, 2004

_____
Thomas M. Coffin
United States Magistrate Judge